[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-12365

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

JESUS ARRATE-RODRIGUEZ,

Defendant- Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:90-cr-06158-WPD-3

_____

Before WILLIAM PRYOR, Chief Judge, JILL PRYOR and BRANCH, Circuit Judges.

PER CURIAM:

Jesus Arrate-Rodriguez appeals the denial of his motion for compassionate release and his motion for reconsideration. 18 U.S.C. § 3582(c)(1)(A). The district court ruled that Arrate-Rodriguez failed to identify an extraordinary or compelling reason to reduce his sentence, U.S.S.G. § 1B1.13, and, in the alternative, that the statutory sentencing factors weighed against granting his motion, 18 U.S.C. § 3553. The district court denied Arrate-Rodriguez's motion to reconsider because it repeated his earlier arguments for sentencing relief and because his receipt of the COVID-19 vaccine made him less susceptible to serious illness. We affirm.

We review the denial of motions for compassionate release and for reconsideration for abuse of discretion. *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021) (release); *United States v. Simms*, 385 F.3d 1347, 1356 (11th Cir. 2004) (reconsideration). "A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous." *Harris*, 989 F.3d at 911 (quoting *Cordoba v. DIRECTV, LLC*, 942 F.3d 1259, 1267 (11th Cir. 2019)). "When review is only for abuse of discretion, it means that the district court had a 'range of choice' and that we cannot reverse just because we might have come to a different conclusion had it been our call to make." *Id.* at 912.

A district "court may not modify a term of imprisonment once it has been imposed" except in specified circumstances. 18 U.S.C. § 3582(c); *see United States v. Jones*, 962 F.3d 1290, 1297 (11th Cir. 2020). Section 3582(c), as amended by the First Step Act, gives the district court discretion to "reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable" if a reduction is warranted for "extraordinary and compelling reasons" and "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The district court may deny a motion to reduce on either ground. *See United States v. Tinker*, 14 F.4th 1234, 1237–38 (11th Cir. 2021).

We need not address whether the statutory sentencing factors weighed in favor of reducing Arrate-Rodriguez's sentence because we can affirm on the alternative ground that he failed to establish an extraordinary and compelling reason to justify an early release. Arrate-Rodriguez argued that his age and medical conditions of a cerebral infraction caused by a stroke, hyperlipidemia, diabetes, vision issues, and hypertension increased his chance of medical complications from COVID-19. But the district court found that Arrate-Rodriguez's medical conditions did not "rise to the level of compelling and extraordinary reasons" because they did not substantially diminish his ability to care for himself in prison. *See* U.S.S.G. § 1B1.13 cmt. n.1(A). Arrate-Rodriguez's prison records reflected that he entered prison as and remained a "Care Level 2" inmate, he resumed walking about a week after his

stroke with a cane, his gait continued to improve with physical therapy, and his ailments were controlled with medication. *See United States v. Giron*, 15 F.4th 1343, 1346 (11th Cir. 2021). The district court was not required to afford any weight to Arrate-Rodriguez's rehabilitation. U.S.S.G. § 1B1.13 cmt. n.3. And the district court reasonably disregarded Arrate-Rodriguez's concerns about contracting COVID-19 after having "rejected the Moderna vaccine" and his plea for "immediate release . . . [when] he would be [put] in Immigration custody awaiting the possibility of deportation." The district court did not abuse its discretion by denying Arrate-Rodriguez's motion for compassionate release.

The district court also did not abuse its discretion by denying Arrate-Rodriguez's motion to reconsider. Arrate-Rodriguez could not use his "motion for reconsideration . . . to relitigate" arguments he raised earlier. *See Richardson v. Johnson*, 598 F.3d 734, 740 (11th Cir. 2010) (internal quotation marks omitted). The district court also reasonably treated Arrate-Rodriguez's intervening receipt of the vaccine as "effective 'self-care' against the virus . . . [that] d[id] not present any extraordinary and compelling reason allowing compassionate release."

We **AFFIRM** the denial of Arrate-Rodriguez's motion for compassionate release.